OPINION of the Court, by
Ch. J. Boyle.
This! was an action upon a covenant to pay fiorses on, the 1st day of October . .. J_ 8 400 worth of ----j -- 1804. The defendant pleaded — 1st, “ That he was ready with a sufficient number of horses, at his usual place of residepoe *405 in the county of Pulaski, to satisfy and pay the four hundred dollars in the covenant mentioned and 2d, “ That the plaintiff# agreed with the defendant that they would receive the horses at the house of a certain John M’Culiough, in the county of Pulaski, on the 30th day of August 1805 ; that the defendant attended at the house of the said John M’Cullough, upon the day and year aforesaid, with a sufficient number of horses to discharge the said S490 in horses, and was then and there ready to discharge the same, if the plaintiffs or any one else had attended to receive the Baaie.*’ To these pleas there was a demurrer, and on argument they were adjudged insufficient. Oil the next day, when a writ of inquiry which had been awarded was about to be executed by the plaintiffs, the defendant offered two other pleas of tender, varying in some respects from the former, but the court refused to receive them, and the writ of inquiry having been executed a final judgment was entered for the damages assessed by the jury, from which the defendant appeal-Oil to this COUrt»
, plca of tender ⅛ ftouki iSicv it was made ar t’"2 the day,
in «.'venanr, ‘the proP“£y:at a time ⅛⅛⅛1' by the covenant, y'hoot ik®- *”* attUi-
After plea» !,l5sded and ¿¿Vier ⅛ pleas tendered on ,h" next day aetion'^f'the court to be re - ce,TC<! errejec. the court ⅛ receive ,wa! not cxercifeofdi*-erstion.
The first question to be decided is whether the pleas to which the plaintiffs demurred are good or not. The first of these pleas is defective, 1st, in not alleging that the plaintiff refused to receive the horses, or that he was absent when the tender was made. When the ere-dtlor is present at the time of making the tender, or if it do not appear from the pleadings that he was absent, must be avered that there was a refusal, for the refitsal as well as the tender is traversable — 5 Bao. Abr. tittle tender, letter H. and the authorities there cited. But if it were granted that the absence of the plaintiffs in this case might be impl'cd from the plea ; then, 2d, it is defective in not alleging that the tender was made at the uttermost convenient time of Lie day. Where money is to be paid or goods are to be delivered at a certain place upon or before a day certain, the tender must not only be made upon the last day limited for the payment or delivery, but upon the last convenient time of that day. This rule is adopted for the convenience of both parties, that neither may be obliged to give a longer attendance than is necessary ; and as the debtor has until the uttermost time of the last day to pay the money, or deliver the goods, it would be mi- *406 reasonable that the creditor should be obliged to at-* tend before that time. A tender therefore in the absence of the creditor, must in pleading be alleged to be made at the uttermost convenient time of the last day-fixed for the payment. Foyevery requisite which ia necessary to the validity of a tender, must in pleading a tender be shewn to have been complied with, otherwise the plea would not be good for want of shewing that the party tendering had done all that was in his power to pay the debt or perform the duty — 2 Salk. 624, Cro. Ja. 423.
The second plea is bad, because it alleges an accord or agreement to accept of the horses at a clay subsequent to the time limited for their payment in the covenant, but does not shew that they were actually accepted ; and a mere accord without an acceptance in satisfaction is not sufficient to bar an action upon the covenant. But were the plea in this .respect unexceptionable, it would nevertheless be defective in not alleging the tender to have been made at the latest convenient hour of the day on which by the accord the horses were to be paid. We think therefore the court below-decided correctly upon the demurrer.
The second question is whether the court erred ia refusing to receive the two last pleas offered by the defendant. The tender alleged in the first of these pleas is liable to the same objection taken to that staf-d in the two first pleas, and in the last of the pleas offered the tender is alleged to have been made on a day subsequent to the time limited for the performance of the covenant. Both of these pleas were therefore substantially defective, and the court on that ground was juj| tifie'd in rejecting therein. But were the pleas not há-ble to these objections, there is still nothing in the record to shew that the court acted incorrectly. After the judgment on the demurrer to the two first pleas the defendant could not, as a matter of course and of right, file an additional set of pleas. There must be some end of pleading ; the defendant cannot be permitted to go on filing one set of pleas after ; another ad infini-tum. Whether in such case the defendant ought to be allowed to fde other pleas, depends upon the sound discretion of the court, and the particular circumstance.* ®f each case ; and there being no circumstances stated *407 which shew that in this instance the court has abused that discretion, we mast presume that it was correctly exercised.
The judgment must therefore be affirmed with damages and costs.